UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

BYRON BREEZE, JR.          )
                           )
        Plaintiff,         )
                           )
            v.             )    Case No. 1:22-cv-537 RJC
                           )
ZINAT CORPORATION. et al.  )
                           )
        Defendant.         )

### ANSWER

Defendants Zinat Corporation and Iraj & Soleiman Corporation, by counsel file their Answer to the Complaint in this proceeding. Defendants respond to each of the numbered paragraphs of the Complaint as follows:

1. Paragraph 1 consists of legal conclusions requiring no admission or denial.

2. Paragraph 2 consists of legal conclusions requiring no admission or denial.

3. Paragraph 3 consists of legal conclusions requiring no admission or denial. However, to the extent Plaintiff alleges he is not required to exhaust his administrative remedies, Defendants deny that allegation.

4. Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 4.

5. Defendants are without knowledge sufficient to admit or deny the allegations of paragraph 5.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is denied.

10. Defendants admit that the facility is located in the District of Columbia. All other allegations of paragraph 10 are denied to the extent they do not constitute legal conclusions.

11. No response to Paragraph 11 is necessary.

12. Paragraph 12 is admitted.

13. Paragraph 13 consists of legal conclusions requiring no admission or denial.

14. Paragraph 14 consists of legal conclusions requiring no admission or denial.

15. Paragraph 15 consists of legal conclusions requiring no admission or denial.

16. Paragraph 16 consists of legal conclusions requiring no admission or denial.

17. Paragraph 17 consists of legal conclusions requiring no admission or denial.

18. The allegations of Paragraph 18 are denied.

19. Paragraph 19 consists of legal conclusions requiring no admission or denial.

20. Paragraph 20 consists of legal conclusions requiring no admission or denial.

21. Defendants deny the allegations in Paragraph 21 that they are not in compliance with the ADA and ADAAG.

22. Defendants deny the allegations in Paragraph 21 and the various sub-paragraphs that they are not in compliance with the ADA and ADAAG.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are denied.

31. Paragraph 31 requires no admission or denial.  To the extent it does, it is denied.

32. Paragraph 32 consists of legal conclusions that require no admission or denial.

33. Paragraph 33 is admitted.

34. The allegations of Paragraph 34 are denied.

35. The allegations of Paragraph 35 are denied.

36. The allegations of Paragraph 3 are denied.

37. -39. The Complaint contains no Paragraphs 37-39 so no admission or denial is required.

40. The allegations of Paragraph 40 are denied.

41. With respect to Paragraph 41 Defendants deny Plaintiff is entitled to damages.

42. No Paragraph 42 is contained in the Complaint so no admission or denial is required.

43. The allegations of Paragraph 43 are denied.

44. The allegations of Paragraph 44 are denied to the extent they do not constitute legal conclusions as to which no admission or denial is required.  In any event Defendants deny that injunctive relief is warranted.

45. The allegations of Paragraph 45 are denied to the extent they do not constitute legal conclusions as to which no admission or denial is required.  In any event Defendants deny that injunctive relief is warranted.

46. The allegations of Paragraph 46 are denied to the extent they do not constitute legal conclusions as to which no admission or denial is required.  In any event Defendants deny that injunctive relief is warranted.

Defendants further state that the relief requested at pages 17-18 of Plaintiff's Complaint is unwarranted and should be denied.

Defendants further plead the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant lacks standing to pursue his claims for relief.

Respectfully submitted,

**ZINAT CORPORATION**

**IRAJ & SOLEIMAN CORPORATION**

By: /s/ George L. Lyon, Jr.
DC Bar No. 38740
gll@bergstromattorneys.com

Bergstrom Attorneys
4000 Legato Road, Suite 1100
Fairfax, Virginia 22033
202-669-0442
Fax 202-483-9262
April 5, 2022

**CERTIFICATE OF SERVICE**

I certify that I have on this date, April 5, 2022, served all counsel of record through the court's ECF filing system.
/s/ George L. Lyon, Jr.